IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-CV-02438-MEH

LEX PHILLIPS, *et al.*,

    Plaintiffs,

v.

CARPET DIRECT CORPORATION, *et al.*,

    Defendants.

## CDC DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Carpet Direct Corporation ("CDC"), Gayle Crouch ("Crouch"), Greg Jenson[1] ("Jenson"), Todd Kinsey ("Kinsey"), and Charles Owens, Jr. ("Owens"), (collectively "Defendants") respectfully move the Court to dismiss Plaintiffs' claims for failure to state a claim upon which relief can be granted. In support of this Motion, Defendants state as follows:

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1

Pursuant to D.C.COLO.LCivR7.1(b)(2), as this motion is brought under Fed. R. Civ. P. 12, Defendants did not confer with Plaintiffs about the relief sought in this motion.

### PROCEDURAL HISTORY

Plaintiffs Lex Phillips ("Plaintiff" or "Phillips") and Lex Phillips & Associates, Inc. ("Phillips Associates") filed this case on September 29, 2016. (Doc. #1, 1-1.) Phillips Associates is owned by Phillips. (Doc. # 1 at ¶ 4). Plaintiffs make the following claims: (1)

---

[1] Defendant Jenson's last name is misspelled in the caption as filed by Plaintiffs.

violation of the Fair Labor Standards Act ("FLSA") against all Defendants except Kinsey; (2) unjust enrichment against CDC; (3) breach of contract against CDC; and (4) tortious interference with a business contract and/or expectancy against Owens and Kinsey. (Doc # 1-1 at ¶¶ 65-108). Plaintiffs fail to state a claim under any theory, and the Complaint should be dismissed.

## ARGUMENT

**A.  Standard for Motion to Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6).**

The Court resolves a motion to dismiss by viewing the motion in the light most favorable to the nonmoving party and accepts all well-pleaded, non-conclusory facts as true. Teigen v. Reffrow, 511 F.3d 1072, 1079 (10th Cir. 2007); So. Disposal, Inc. v. Tex. Waste, 161 F.3d 1259, 1262 (10th Cir. 1998). However, the facts alleged must be sufficient to state a claim for relief that is plausible, not merely possible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A formulaic recitation of the elements . . . will not do," and the Court is not bound to accept as true a legal conclusion couched as fact. Id. at 555.

**B.  Phillips' FLSA Claim Fails.**

*1.  Phillips Associates is not a proper plaintiff.*

For purposes of the FLSA claim, Phillips Associates is not a proper plaintiff. The FLSA defines "employee" as "any *individual* employed by an employer." 29 U.S.C. § 203(e)(1). Thus, the corporation cannot bring a claim and recover as an "employee" for alleged FLSA violations. Moreover, the independent contractor agreements that Phillips signed were signed in his individual capacity, and the corporation did not sign. (Doc. #1, 1-1 Exhibits C, S.) Phillips does not allege any facts that would make the entity a proper defendant as to any claim. The entity should be dismissed as a plaintiff.

   2.   *Phillips' FLSA claim is barred by the statute of limitations.*

Phillips asserts that CDC misclassified him, alleging that he was misclassified as an independent contractor and as an employee exempt from overtime. (See Doc. # 1, 1-1 at ¶¶ 36-37, 67, 71-72.) Regardless, Phillips' FLSA claim is time-barred and must be dismissed.

An FLSA claim for overtime compensation is subject to a two-year limitations period, extended to three years for "a willful violation." 29 U.S.C. § 255(a). An employer willfully violates the FLSA when it either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." Reich v. Monfort, Inc., 144 F.3d 1329, 1334 (10th Cir. 1998) (internal quotations omitted).

Here, Phillips only states in conclusory fashion that he was willfully misclassified. (Doc. # 1-1 at ¶ 73.) His failure to allege facts supporting that conclusion renders his claim subject only to the two-year statute of limitations. See Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 921-22 (D. Ariz. 2010); Cohen v. Allied Steel Bldgs., Inc., 544 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (finding plaintiff failed to state a willful violation of the FLSA when "[t]he only reference to any allegedly willful violations of the FLSA by Defendants is a conclusory allegation of willfulness in the Complaint absent any facts to substantiate the same").

But Phillips' FLSA claim is time-barred, regardless of whether the limitations period is two years or three years. The statute of limitations for an FLSA claim begins running upon an act "which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee the continued existence of the adverse consequences of the act." Alldread v. Gren, 988 F.2d 1425, 1432 (5th Cir. 1993) (quoting Berry v. Bd. of Supervisors of L.S.U., 715 F.2d 971, 981 (5th Cir. 1983)).

Phillips alleges that he first became associated with CDC in 1996. (Doc. #1 at ¶ 22.) He points to statements allegedly made by Earl Crouch[2] during the same "period of time." (Id. at ¶ 22.) Phillips executed independent contractor/broker agreements in 2007 and 2014. (Doc. #1, 1-1 Exhibits C and S.)[3] The 2007 agreement explicitly refers to Plaintiff as an "independent contractor" throughout the contract. Phillips signed the contract under the header "INDEPENDENT CONTRACTOR," agreeing to the terms described. (Doc. #1, 1-1 Exhibit S.) The 2014 version reiterates the same independent contractor relationship. (Id., Exhibit C.)

The exhibits that Phillips cites as evidence of the alleged terms and conditions of his relationship with Carpet Direct that he claims show "employment" *date back to at least 2002*. (Doc. #1, 1-1 Ex. B.) Thus, Phillips' allegations establish that he worked, *for 15-20 years*, with knowledge of the relevant conditions that he now claims show misclassification. If Phillips had concerns regarding his status as an independent contractor, he had *two years*, or at most three years, in which to raise this claim. He did not, and his FLSA claim is now time-barred.

Plaintiff may argue that his claims are not time-barred because his alleged misclassification constitutes a "continuing violation." This argument fails. The FLSA violation that Plaintiff alleges was a single act—the misclassification allegedly reflected in Earl Crouch's alleged statements, the independent contractor agreements, and the related exhibits attached to the Complaint, which per Phillips' allegations date back to the beginning of his relationship with Carpet Direct. See Alldread, 988 F.2d 1425 (5th Cir. 1993). In Alldread, defendants

---

[2] Earl Crouch is deceased.

[3] Because Plaintiffs' independent contractor/broker agreements are central to Plaintiffs' claims and they refer to the agreements throughout the Complaint, it is appropriate for the Court to consider the agreements without converting this Motion into one for summary judgment. Alvarado v. KOBTV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007).

4

implemented a new system of compensation for firefighters and required them to sign an "FLSA Agreement," which confirmed a change in compensation and purported to waive the firefighters' right to compensation for sleep time. The firefighters worked and were paid in accordance with this system for nearly four years before filing suit to recover overtime compensation. The district court held the FLSA claims were time-barred, and the Fifth Circuit affirmed. The claim was based on the singular, discrete act of the city implementing the new facially neutral pay system, which occurred more than three years prior to the suit. Id. at 1429-30. As the Fifth Circuit stated, whether the continuing violation doctrine applies "turns on whether the practice at issue is part of, or a repetition of, a past discriminatory act, in which case there is a continuing violation, or whether it is facially neutral, simply giving effect to prior discrimination, in which case there is no continuing violation" under the FLSA. Id. at 1431.

Here, as in Alldread, there is no continuing violation because Phillips' FLSA claim arises out of the singular act of CDC allegedly misclassifying him as an independent contractor. Any subsequent compensation was facially neutral and "simply gave effect" to the previous alleged misclassification. Plaintiff's receipt of the independent contractor/broker agreements, as well as the documents that he now contends establish terms and conditions incompatible with an independent contractor relationship, was the act "which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee the continued existence of the adverse consequences of the act." Alldread, 988 F.2d at 1432 (quoting Berry, 715 F.2d at 981); see also Kim v. Kum Gang, Inc., 2015 2015 WL 2222438 at *33 (S.D.N.Y. Mar. 19, 2015) quoting Veltri v. Bldg. Serv. 32b-J Pension Fund, 393 F.3d 318, 323 (2d Cir. 2004) ("The relevant question is not the intention underlying defendants' conduct, but rather

5

whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action."). Here, Phillips' FLSA claim is based on the single, discrete act of accepting CDC's offer of an independent contractor relationship, which was an alleged misclassification with continuing consequences. Accordingly, the statute of limitations began running at the time the relationship was established, and Phillips' FLSA claim is time-barred.[4]

> 3. *Phillips fails to state a claim for individual liability under the FLSA against Crouch, Jenson, or Owens.*

Plaintiff's conclusory allegations against Crouch, Jenson, and Owens are insufficient to state a claim for individual liability because Plaintiff offers no facts whatsoever that would establish the conditions necessary for personal liability. The FLSA does not "make liable 'any corporate office or other employee with operational control over payroll matters . . . '" Does v. Rodriguez, No. 06-cv-00805, 2007 WL 684117, at *3 (D. Colo. Mar. 2, 2007) (quoting Baystate Alternative Staffing, Inc. v. Herman, 163 F.3d 668, 677 (1st Cir. 1998)). With respect to Crouch, Plaintiff asserts that she "directed or, at very least, approved and ratified many of Defendant CDC's activities and policies, FLSA violations, and fraudulent and unlawful activities . . . ." (Doc. #1 at ¶ 6.) Plaintiff makes substantially the same allegations about Jenson and Owens. (Id. at ¶¶ 7, 8.) These allegations are conclusory and nothing more than a mere "formulaic recitation of the elements" for individual liability under the FLSA, and are not sufficient to state a claim. See, e.g., Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 246-67 (W.D.N.Y. 2009) (bare allegations of control and presumed duties are insufficient to state a claim for individual liability

---

[4] The Tenth Circuit has not directly considered this issue. However, the Tenth Circuit's application of the single act analysis in other contexts supports its application here. See Davidson v. Am. Online, Inc., 337 F.3d 1179, 1184 (10th Cir. 2003) (rejecting continuing application doctrine in context of discrete acts of discrimination).

6

under the FLSA). Crouch, Jenson, and Owens should be dismissed as defendants to the FLSA claim.

**C.  Phillips' Unjust Enrichment Claim Fails on Statute of Limitations and Substantive Grounds.**

The test for recovery under an unjust enrichment theory requires a showing that: (1) at Plaintiff's expense, (2) Defendants received a benefit (3) under circumstances that would make it unjust for Defendants to retain the benefit without paying. Robinson v. Colorado State Lottery Division, 179 P.3d 998, 1007 (Colo. 2008). Phillips asserts an unjust enrichment claim against CDC based on his alleged investment of "quantities of time, effort and money in business entities under the Carpet Direct banner," including acquisition of equipment, payment of rent, and "acceptance of less remuneration." (Doc. #1, 1-1 at ¶¶ 84-94). These vague allegations do not survive Twombly; Phillips does not offer sufficient allegations that CDC—as opposed to Phillips' own business—received a benefit and that it would be unjust for CDC to retain that benefit. See Twombly, 550 U.S. at 564 (supporting the standard that a complaint must contain allegations relating to all elements of a claim). Indeed, Phillips acknowledges that CDC paid him commissions. (Doc. #1 at ¶ 15.) In addition, Plaintiff's unjust enrichment claim fails because (1) it is barred by the existence of a written contract covering the same subject; and (2) it is time-barred.

  1.  Plaintiff's unjust enrichment claim is precluded by the existence of a contract.

"Unjust enrichment is a theory of recovery that involves an implied contract at law when the parties either have no express contract or have abrogated it." Bedard v. Martin, 100 P.3d 584, 591-92 (Colo. App. 2004). "A claim for unjust enrichment may not be asserted if there is a valid contract covering the subject matter of the alleged obligation . . . ." Jorgensen v. Colorado

7

Rural Properties, LLC, 226 P.3d 1255, 1259 (Colo. App. 2010); Interbank Investments, LLC v. Eagle River Water & Sanitation Dist., 77 P.3d 814, 816 (Colo. App. 2003).

Phillips' unjust enrichment claim is based entirely on his business relationship with Carpet Direct. Plaintiff alleges that he believed he was "the owner of his own individual business" and that he "invested significant quantities of time, effort and money in business entities and operations under the Carpet Direct banner." (Doc. #1, 1-1 at ¶¶ 84-85). Elsewhere in the Complaint, Plaintiff admits that he was a signatory to independent contractor/broker agreements. (Id. at ¶¶ 66, 95). Plaintiff's independent contractor/broker agreements governed the terms of his relationship with Carpet Direct. See id. at ¶ 92. The agreements address compensation, warehouse expenses, and the other matters that Phillips cites as grounds for his unjust enrichment claim. (See Doc. #1, 1-1 Ex. C ¶¶ 2.3, 4, 8; Ex. S ¶¶ 1.2, 1.7, 2.7.) Plaintiff does not challenge the enforceability of the agreements. Thus, Plaintiff's unjust enrichment claim covers the same subject matter as his independent contractor/broker agreements. Given the existence of contracts that Phillips considers valid covering the same subject matter, he may not pursue an unjust enrichment claim, as a matter of law.

2. Plaintiffs fail to state an unjust enrichment claim against the individual Defendants.

The Complaint is unclear whether Phillips is asserting unjust enrichment against CDC only or also against the individual Defendants. The heading to Count II identifies only Defendant CDC, but Phillips' allegations refer also to the "named individual Defendants." (Doc. #1-1 at ¶ 86.) If he pleads unjust enrichment against the individuals, the claim fails. Plaintiffs fail to allege any facts that would support a finding that Plaintiff provided a benefit to any of the

8

individual Defendants, that any individual Defendant received a benefit, or that any unjustly retained that benefit.

With regard to the individual Defendants, Plaintiff only makes the conclusory claim that "[a] financial benefit was conferred on Defendants by Plaintiff by reason of his capital investments into the Carpet Direct organization" and that the Defendants' "intentional scheme to have Plaintiffs carry the financial burden of the business, and other statements and actions, induced Plaintiff into processing sales transactions on behalf of Defendants, which unjustly enriched Defendants." (Doc. #1, 1-1 at ¶ 91). Phillips does not assert any facts supporting the conclusion that the individual Defendants were unjustly enriched and relies only on these conclusory statements. Conclusory allegations are insufficient to state a claim for unjust enrichment. See Mandelbaum v. Fiserv, Inc., 787 F. Supp. 2d 1226, 1244 (D. Colo. 2011) (dismissing plaintiffs' unjust enrichment claim because they "fail to allege, beyond vague and conclusory allegations, that the named Defendants directly received a benefit at Plaintiffs' expense."). Phillips' unjust enrichment claim against the individual Defendants, to the extent he pleads such a claim, should be dismissed.[5]

    3. Plaintiff's unjust enrichment claim is barred by the statute of limitations.

An action for unjust enrichment must be filed within three years after the cause of action accrues. Luttgen v. Fischer, 107 P.3d 1152, 1157 (Colo. App. 2005) (citing Colo. Rev. Stat. § 13–80–101(1)(a)). "A cause of action accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Winkler v. Rocky

---

[5] The Complaint contains no allegations that the corporate Plaintiff was a victim of Defendants' alleged unjust enrichment and, therefore, the corporate Plaintiff's unjust enrichment claim must also be dismissed. (See Doc. #1-1 at ¶¶ 84-94).

9

Mtn. Conf. of the United Methodist Church, 923 P.2d 152, 158 (Colo. App. 1995) (citing Colo. Rev. Stat. § 13–80–108(1)).  "The plaintiff need only know or have reason to know the facts that underlie or are essential to the cause of action, but need not know the precise legal theory upon which the action may be brought."  Grynberg v. Total Compagnie Francaise des Petroles, No. CIVA03D1280BNB, 2006 WL 1517731, at *5 (D. Colo. May 31, 2006).

Phillips' claim accrued more than three years ago, as he has been working knowingly under the conditions that he asserts unjustly enriched CDC for 15-20 years.  (See section B.2, supra.)  Plaintiff's unjust enrichment claim is time-barred and must be dismissed.

### D. Phillips' Breach of Contract Fails Because His Agreements With CDC Do Not Contain the Term He Alleges CDC Breached.

Phillips cannot sustain a claim for breach of contract because his express agreements with CDC do not contain the term that he alleges was breached.  Phillips alleges that his contract gave him "the exclusive right" to operate in his sales territory.  (Doc. #1-1 at ¶ 95.)  But Phillips' agreements with CDC—attached to his Complaint—contain no such term of exclusivity.  (See id. Ex. C, S.)  No implied term of exclusivity could exist because the express contract would supersede it.  Schuck Corp. v. Sorkowitz, 686 P.2d 1366, 1368 (Colo. App. 1984).  Phillips' assertion that the contracts are void without the "implied provision" of exclusivity fails because Phillips received consideration in the form of being allowed to conduct business under the Carpet Direct name and model and earn commissions.  See Lucht's Concrete Pumping, Inc. v. Horner, 255 P.3d 1058, 1061 (Colo. 2011) ("[A]ny benefit to a promisor or any detriment to a promise at the time of the contract—no matter how slight—constitutes adequate consideration.")  Phillips cannot recover for breach of contract and the claim must be dismissed.

  **E. Phillips Has Failed to State a Claim for Tortious Interference Against Kinsey or Owens.**

    *1. Phillips' claim fails because he alleges Kinsey and Owens interfered with a contract term that does not exist.*

  Phillips' tortious interference claim is based on the same non-existent exclusivity provision addressed above with respect to his breach of contract claim. (Doc. # 1, 1-1 at ¶¶ 102-103.) Interference with contract requires the existence of a contract between the plaintiff and a third party. Grimm Const. Co. v. Denver Bd. of Water Comm'rs., 835 P.2d 599, 601 (Colo. App. 1992). The contracts Plaintiff signed—attached as Exhibits C and S to the Complaint and thus properly considered in conjunction with this Motion—identify a sales territory in which Phillips would operate but contain no language whatsoever that the territory was exclusive to Phillips. (Doc. #1 at ¶¶ 47-49; Ex. C at ¶ 2.7; Ex. S at ¶ 3.2) Both agreements also contain provisions supplanting any understandings, representation, or agreements preceding their execution. (Ex. C at ¶ 16; Ex. S at ¶ 3.4.) The express contracts supersede any implied contract relating to the same subject matter, and thus Phillips' assertion that the contracts contained an "implied" term of exclusivity fails. Schuck Corp. v. Sorkowitz, 686 P.2d 1366, 1368 (Colo. App. 1984). Although a contract existed between Phillips and CDC, it does not contain the provision with which Phillips alleges Kinsey and Owens interfered. Therefore, Phillips' tortious interference claim fails against both Kinsey and Owens.

    *2. Phillips has not asserted facts that would establish the necessary motivation for Owens to interfere with his principal's contract.*

  To sustain a claim of tortious interference with contract or tortious interference with prospective contractual relations, Phillips must prove both intentional and improper interference. Memorial Gardens, Inc. v. Olympian Sales & Mgmt. Consultants, Inc., 690 P.2d 207, 210 (Colo.

1984) (quoting Rst. (Second) Torts § 766 (1977)).  Generally, an agent who, while acting within the scope of official duties, causes his or her principal to breach a contract will not be held liable for tortious interference with that contract.  W.O. Brisben Companies, Inc. v Krystkowiak, 66 P.3d 133, 136 (Colo. App. 2002).  Whether or not an alleged tortfeasor was an employee of one of the contracting parties is an important factor in determining whether that person acted "improperly."  Trimble v. City and County of Denver, 697 P.2d 716, 725 (Colo. 1985), superseded by statute on other grounds as stated in Colo. Dep't of Transp. v. Brown Group Retail, Inc., 182 P.3d 687, 690 (Colo. 2008).  Only when an agent is motivated *solely* by the personal desire to harm one of the contracting parties or to interfere in the contractual relations between the parties will a claim lie.  Trimble, 697 P.2d at 726; Krystkowiak, 66 P.3d at  137.

Phillips alleges that Owens was a managerial employee of CDC and ratified and endorsed CDC's "activities and policies, FLSA violations, and fraudulent and unlawful activities . . . ." Doc. #1 at ¶ 9.)  Thus, Phillips alleges that Owens is and was an agent of CDC.  An agent of CDC cannot interfere with CDC's contract with Phillips unless that agent is motivated *solely* by a desire to harm Phillips.  Krystokowiak, 66 P.3d at 136.  Phillips has not alleged such facts. Moreover, Phillips alleges that other agents of CDC ratified Owens' actions, which belies any allegation that Owens acted on his own and purely out of personal animus. (Doc. #1, 1-1 at ¶¶ 60-64; 97-99.)  Under these allegations, Phillips cannot sustain a tortious interference claim against Owens.

> 3. *Phillips allegations against Kinsey amount to perfectly legal business competition.*

Phillips' allegations against Kinsey are bizarre in that they suggest CDC did not have the authority to place a broker in the same territory as Phillips when, as seen, Phillips did not enjoy

12

exclusivity in that territory, and that Kinsey somehow bears legal responsibility for that placement.  Nevertheless, to the extent that Phillips contends that Kinsey's presence in the territory amounts to tortious interference by Kinsey, Phillips has not asserted any facts to suggest that *Kinsey's* actions were improper.  Even if a contract term was properly at issue, Phillips has not alleged improper interference by Kinsey.  See Memorial Gardens, 690 P.2d at 210 (*improper* interference required); Harris Group, Inc. v. Robinson, 209 P.3d 1188, 1196 (Colo. App. 1995) (same).  One of the reasons for the requirement of improper interference is protection of the right of individuals in business to compete with one another.  Id. at 1196.

If the parties are business competitors and the interference is with prospective relations or contracts terminable at will, the interference often is permissible because one party enjoys the right to compete with the other, and he is "interfering" with a future expectancy, not a legal right. Memorial Gardens, 690 P.2d at 211; Harris, 209 P.3d at 1197.  Phillips alleges that the contracts he signed with CDC are terminable at will.  (Doc. #1 at ¶¶ 19, 66q.)  Therefore, the following factors determine if Kinsey's competition with Phillips was protected or if it was a tort:

1. Whether the relation concerns a matter of competition;
2. Whether the actor does not employ wrongful means;
3. Whether the action does not create or continue an unlawful restraint of trade;
4. Whether the purpose is at least in part to advance his interest in competing with the other.

Memorial Gardens, 690 P.2d at 210-11; Harris, 209 P.3d at 1197.  "Wrongful means" includes physical violence, fraud, civil suits, and criminal prosecutions.  Harris, 209 P.3d at 1197.

Plaintiff alleges that Kinsey is a "broker" for CDC—like Phillips.  (Doc. #1 at ¶ 9.) Plaintiff also acknowledges that Kinsey was competing against him; that competition is, in fact,

13

Phillips' core complaint against Kinsey and Owens.  (Doc. #1-1 at ¶ 105.)   Phillips does not allege that Kinsey engaged in any "wrongful means" as defined in applicable case law.  As explained above, Phillips' agreements did not promise exclusivity.  Moreover, the agreements outline Phillips' commission entitlements.  (Id. at Ex. C at ¶ 4; Ex. S at ¶ 1.7)  The agreements do not promise Phillips all commissions related to a certain warehouse, nor does Phillips allege that he failed to receive the commissions described in the agreement.  Phillips does not state a plausible claim against Kinsey, and the claim must be dismissed and Kinsey dismissed as a defendant.

## CONCLUSION

Based on the foregoing, Plaintiffs' Complaint should be dismissed with prejudice.  Respectfully submitted this 11th day of November, 2016.

SHERMAN & HOWARD L.L.C.

*s/ Brooke A. Colaizzi*
Brooke A. Colaizzi
Jonathon M. Watson
633 17th St., Suite 3000
Denver, CO  80202
Phone: (303) 297-2900
Fax: (303) 299-0940
bcolaizzi@shermanhoward.com
jwatson@shermanhoward.com

*Attorneys for Defendants Carpet Direct Corp., Gayle Crouch, Greg Jenson, Charles Owens Jr., and Todd Kinsey*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 11th day of November, 2016, I electronically filed the foregoing **CDC DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to their registered e-mail addresses, as well as a copy of same served by regular United States first class mail, postage prepaid, addressed to:

>Joni M. Fixel, Esq.
>FIXEL AND NYEHOLT, PLLC
>4084 Okemos Rd., Ste. B
>Okemos, MI 48864
>
>*Attorneys for Plaintiffs*

*s/ Laura Lewis*